BERRÍOS, DEMANDANTE Y APELANTE, *v.* DÁVILA, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre otorgamiento de escritura.

No. 2230.—Resuelto en julio 29, 1920.

PRESCRIPCIÓN DE ACCIONES—OTORGAMIENTO DE ESCRITURA—INTERRUPCIÓN DE LA PRESCRIPCIÓN.—Como una acción para obligar al otorgamiento de una escritura es una acción personal que no tiene señalado término especial de prescripción, el cual ha de contarse desde el día en que pudo ejercitarse, o sea, desde la fecha en que, interviniendo el consentimiento y demás requisitos para su validez, se efectuó el contrato objeto de la escritura, una acción de esa clase presentada después de transcurridos quince años, está prescrita; y una acción en que no se solicitó el otorgamiento de dicha escritura no interrumpe la prescripción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. González.*

Abogado de la apelada: *Sr. R. L. Antongiorgi.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El demandante estableció una acción contra la demandada para obligarla al otorgamiento de una escritura de traspaso de cierta propiedad inmueble que se alega fué adquirida por Anselmo Berríos, padre del demandante, en el año 1899, mediante permuta de otra finca.

También se alegaba en la demanda que el demandante
había estado en posesión de la finca así adquirida del de-
mandado por más de diez años, por herencia de su finado
padre, permaneciendo aún inscrita en el registro a nombre
de la demandada. El demandante asimismo alegó que en
cierta acción reivindicatoria instituída por la demandada en
esta acción como demandante, contra el ahora demandante
como demandado, se dictó sentencia declarando sin lugar la
demanda en julio 15 de 1913, por haberse probado los hechos
alegados anteriormente.

En el presente caso la corte inferior declaró con lugar
la excepción previa a la demanda basada en que ésta no
contenía hechos suficientes para constituir una causa de ac-
ción, por aparecer de la faz de dicha demanda que la acción
que en ella se ejercita, era una acción personal y estaba
prescrita por haber vencido el término que fija el estatuto de
prescripción.

El demandante interpone apelación contra la sentencia
que declara sin lugar su demanda e insiste en que la corte
inferior cometió error al resolver que la acción había pres-
crito.

El razonamiento es. que la causa de acción no arranca
solamente del contrato de permuta de propiedades celebrado
en el año 1899, sino también del dominio y posesión del in-
mueble; que el contrato de permuta celebrado entre la de-
mandada y el padre del demandante origina el dominio y
la posesión, lo cual, como ha sido admitido, constituye por
tanto el título del demandante, pero ineficaz, por cuanto no
se consignó en un documento público; que la demanda se en-
camina a consolidar ese título mediante el otorgamiento de
una escritura de traspaso y la acción se funda no solamente
en el contrato sino. en el estado de derecho creado en favor
del demandante por su dominio y posesión durante el tiempo
transcurrido, y al cual se ha hecho referencia; que la obli-
gación por parte del vendedor de otorgar una escritura no
surge del primitivo contrato sino del dominio y posesión del

adquirente y que puede ejercitarla en cualquier tiempo sin contemplación al contrato ni a su fecha.

La única autoridad que ha sido citada para robustecer esta afirmación es el artículo 1246 en relación con los artículos 1865, 1872 y 1874 del Código Civil.

Se sostiene que puesto que el artículo 1246 no fija término alguno para exigir el otorgamiento de la escritura no es de aplicación a esta acción el artículo 1865; que la prescripción empezaría a correr desde la fecha en que se hubiese pedido tal otorgamiento y de acuerdo con las prescripciones de los artículos 1872 y 1874, debía considerarse que dicho término había comenzado a correr en el presente caso, a partir y después del día 13 de junio de 1913, fecha de la sentencia en la acción reivindicatoria.

El artículo 1246 del Código Civil prescribe lo siguiente:

"Si la ley exigiere el otorgamiento de escritura u otra forma especial para hacer efectivas las obligaciones propias de un contrato los contratantes podrán compelerse recíprocamente a llenar aquella forma desde que hubiese intervenido el consentimiento y demás requisitos necesarios para su validez."

El texto citado no ofrece duda alguna en cuanto a su interpretación y determina claramente la fecha en la cual surge la obligación de otorgar la escritura u otro documento formal, a partir de cuya fecha y después de la cual puede establecerse la acción para obligar a tal otorgamiento.

El artículo 1862 del Código Civil prescribe que: "las acciones prescriben por el mero lapso de tiempo fijado por la ley;" el artículo 1865 dispone que: "Las acciones personales que no tengan señalado término especial de prescripción, prescriben a los quince años;" y el 1870 determina que: "El tiempo para la prescripción de toda clase de acciones cuando no haya disposición especial que otra cosa determine, se contará desde el día en que pudieren ejercitarse."

El caso presente cae de lleno dentro de las prescripciones

de estos tres artículos y debe estar regulado por ellos. Los artículos 1872 y 1874 prescriben lo siguiente:

"Artículo 1872.—El tiempo de la prescripción de las acciones para exigir el cumplimiento de obligaciones declaradas por sentencia comienza desde que la sentencia quedó firme."

"Artículo 1874.—La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor."

La contestación al razonamiento del demandante fundado en las disposiciones de estos dos artículos, descansa en el hecho de que la sentencia en la acción reivindicatoria no contenía pronunciamiento en cuanto a la obligación del demandante en aquella acción, ahora demandado, de otorgar una escritura formal de traspaso y además en el hecho de que no se ha demostrado que el demandante en este caso, demandado en la referida acción reivindicatoria solicitara que se cumpliera con tal obligación en la expresada acción reivindicatoria ni de otro modo con anterioridad al establecimiento de esta acción.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Wolf no intervino en la vista de este caso.